UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROXINE WILLIAMS,
KYNEEDAH WRIGHT-WOOD,
SYREETA WRIGHT,

        Plaintiffs,

-vs-                                                              Case No. 6:08-cv-842-Orl-19KRS

WYNDHAM WORLD WIDE CORPORATION;
BARBARY BEACH DEVELOPMENT COMPANY
LIMITED; VIVA WYNDHAM FORTUNA BEACH
HOTEL; PARADISE WATER SPORTS; LARRY
LEWIS; COLLEEN LEWIS; WILLIAM CARLSON;
THE CARLSON GROUP OF COMPANIES; ISLAND
SEAS RESORT; GEORGE DOUGLAS;

        Defendants.
_____

## ORDER

This case comes before the Court on the following:

1. Motion of Defendants William Carlson, the Carlson Group of Companies, and Island Seas Resort to Dismiss the Amended Complaint and Supporting Memorandum of Law (Doc. No. 42, filed Aug. 25, 2008);

2. Motion of Defendants Barbary Beach Development Company, Limited and Viva Wyndham Fortuna Beach Hotel to Dismiss the Amended Complaint and Memorandum of Law (Doc. No. 46, filed Sept. 5, 2008);

3. Motion of Defendant Wyndham World Wide Corporation to Dismiss the Amended Complaint (Doc. No. 47, filed Sept. 5, 2008);

4. Response of Plaintiffs in Opposition to the Motion of William Carlson, the Carlson Group of Companies, and Island Seas Resort (Doc. No. 51, filed Sept. 22, 2008);

5. Response of Plaintiffs in Opposition to the Motion of Wyndham World Wide Corporation (Doc. No. 53, filed Oct. 3, 2008); and

6. Response of Plaintiffs in Opposition to the Motion of Barbary Beach Development Company, Limited and Viva Wyndham Fortuna Beach Hotel (Doc. No. 54, filed Oct. 3, 2008).

## Background

This case arises out of the drowning death of Daisy Scott Emory while riding on a "Banana Boat" in the Bahamas. (Doc. No. 19 ¶¶ 38-66, filed July 28, 2008.) Plaintiff Roxine Williams is the biological sister of Ms. Emory, and Plaintiffs Syreeta Wright and Kyneedah Wright-Wood are Roxine Williams' biological daughters. (*Id.* ¶ 37.) All three Plaintiffs were present on the boat when Ms. Emory died. (*Id.*) Plaintiffs have sued Defendants for negligence, negligent inflection of emotional distress, and intentional inflection of emotional distress. (*Id.* ¶¶ 99-192.) Defendants have moved to dismiss on a variety of grounds, including lack of personal jurisdiction, *forum non conveniens*, and improper service. (*See* Doc. Nos. 42, 47, 48.)

## Analysis

Although a number of grounds to dismiss are raised in the motions before the Court, one ground which Defendants mention merely in passing warrants dismissal of all of Plaintiffs' claims. Defendants Barbary Beach Development Company, Limited and Viva Wyndham Fortuna Beach Hotel correctly point out in their Motion that Plaintiffs did not allege a basis for this Court's subject

matter jurisdiction. Further, the Court's review of the Complaint reveals that Plaintiffs have not pled facts sufficient to establish subject matter jurisdiction.

"Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (citing Wright, Miller & Cooper, 13 Federal Practice and Procedure, § 3522 (1984)). " If jurisdiction is based on either [diversity or federal question grounds], the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'" *Id.* (emphasis added); *see also* Fed. R. Civ. P. 8(a)(1) (requiring complaints to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support . . . .").

Plaintiffs did not include a statement of the grounds for this Court's subject matter jurisdiction in their Amended Complaint. (*See* Doc. No. 19; Doc. No. 51 at 2 n.1.) More fundamentally, they also failed to plead facts that establish subject matter jurisdiction. No federal question appears on the face of the Amended Complaint. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). Further, Plaintiffs allege that they are "residents" of Florida, (Doc. No. 19 ¶¶ 2-4), and they also allege that Defendant Bill Carlson is a "resident of Florida and was at all times sui juris," (*Id.* ¶ 11). Accordingly, complete diversity does not exist. *E.g.*, *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) (citing *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994)).

Based on the foregoing, the Amended Complaint (Doc. No. 19, filed July 28, 2008) is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiffs are given leave to file a Second Amended Complaint that demonstrates a basis for the existence of subject matter jurisdiction within **ten (10) days** of this Order. Failure to comply with this Order will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 5, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record