UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROXINE WILLIAMS;
KYNEEDAH WRIGHT-WOOD;
SYREETA WRIGHT,

    **Plaintiffs,**

-vs-                Case No. 6:08-cv-842-Orl-19KRS

WYNDHAM WORLD WIDE CORPORATION;
BARBARY BEACH DEVELOPMENT COMPANY
LIMITED; VIVA WYNDHAM FORTUNA BEACH
HOTEL; PARADISE WATER SPORTS; LARRY
LEWIS; COLLEEN LEWIS; WILLIAM CARLSON;
THE CARLSON GROUP OF COMPANIES; ISLAND
SEAS RESORT; GEORGE DOUGLAS,

    **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1. Motion of Defendant Wyndham World Wide Corporation to Dismiss the Amended Complaint (Doc. No. 87, filed Feb. 17, 2009);

2. Response of Plaintiffs in Opposition to the Motion of Wyndham World Wide Corporation (Doc. No. 100, filed Mar. 17, 2009); and

3. Second Motion to Accept Response as Timely Filed Or in the Alternative to Enlarge the Time for Filing (Doc. No. 113, filed Apr. 24, 2009).

## Background

As explained in this Court's previous Order, (Doc. No. 75, filed Jan. 6, 2009), this case arises out of the drowning death of Daisy Scott Emory while riding on a "Banana Boat" in the Bahamas,

(Doc. No. 76 ¶¶ 49-112, filed Jan. 20, 2009.)  Plaintiff Roxine Williams is the biological sister of Ms. Emory, and Plaintiffs Syreeta Wright and Kyneedah Wright-Wood are Roxine Williams' biological daughters.  (*Id*. ¶ 49.)  All three Plaintiffs were present on the boat when Ms. Emory died.  (*Id.*)  Plaintiffs have sued Defendants for negligence, negligent inflection of emotional distress, and intentional inflection of emotional distress.[1]  (*Id.* ¶¶ 113-211.)

The Court dismissed Plaintiffs' previous Complaint for lack of subject matter jurisdiction.  (Doc. No. 75 at 4.)  As an initial matter, Plaintiffs had failed to allege a jurisdictional basis for their claims.  (*Id.* at 2-3.)  Further, diversity jurisdiction under 28 U.S.C. § 1332 did not exist because Plaintiffs alleged that they were citizens of Florida and that Defendant Bill Carlson was a resident of Florida.  (*Id.* at 3.)  The Court dismissed the Complaint with leave to submit an Amended Complaint that demonstrated a sufficient basis for subject matter jurisdiction.  (*Id.*)  However, in doing so, the Court explicitly warned Plaintiffs that the failure to establish subject matter jurisdiction in future pleadings would result in dismissal of the case.  (*Id.* at 4.)

In response, Plaintiffs filed an Amended Complaint.  (Doc. No. 76.)  They contend that federal question jurisdiction and diversity jurisdiction exist under 28 U.S.C. §§ 1331-32 (2006).  (*Id.* ¶ 1.)  Plaintiffs aver that Carlson is now a "resident of Canada."  (*Id.* ¶ 16.)  Plaintiffs also allege that Defendant "Carlson Group of Companies[] was a fictitious entity being held out as [sic] company operating in the State of Florida and [sic] parent entity of Island Seas Resort."  (*Id.* ¶ 17.)  Plaintiffs give no allegation of citizenship for two Defendants, Larry Lewis and Colleen Lewis.  (*Id.* ¶¶ 14-15.)

---

1. Plaintiffs do not represent the estate of Ms. Emory.  (*See* Doc. No. 76.)

In its Motion to Dismiss, Defendant Wyndham World Wide Corporation ("Wyndham") argues that subject matter jurisdiction does not exist in this case. (Doc. No. 87 at 4-5.) Plaintiffs respond with the following passage:

> Defendant [Wyndham] Worldwide raises a jurisdictional argument better reserved for Bill Carlson and the Carlson Group of Companies. They [sic] state that because it is a fictitious company "with no allegations as to its citizenship, it would appear that complete diversity jurisdiction is still lacking . . ." Due [sic] the "Carlson Group of Companies" being "fictitious" by nature, Plaintiff can not establish where they [sic] are incorporated, but because they [sic] are not incorporated in Florida, and the mastermind Mr. Bill Carlson is not a citizen of Florida, then complete diversity does exist. Moreover, as discussed in Plaintiff's Response to Carlson Group this "fraudulent" entity should not be able to evade jurisdiction based on the fact it claims to be a "fictitious entity."

(Doc. No. 100 at 10-11 (punctuation as in original).)

**Analysis**

**I.     Belated Filings**

Plaintiffs filed their Response to Wyndham's Motion one day late. In a previous Order, the Court advised Plaintiffs that they needed to move the Court to excuse their late filings under Federal Rule of Civil Procedure 6(b). (Doc. No. 111.) Plaintiffs advise the Court that the late filing was due to a myriad of factors, including: (1) the unexpected suspension of counsel's law partner; (2) counsel's hiring and firing of four inexperienced staff members; and (3) counsel's miscommunication with opposing counsel over the due date for the Response. (Doc. No. 113.) Based on these extenuating circumstances, and the non-objection of Wyndham's counsel,[2] the Court

---

[2] Plaintiffs' Motion to accept their various late filings was not opposed by Defendant Wyndham. Only Defendants William Carlson, Carlson Group of Companies, and Island Seas Investments Limited opposed the Motion to the extent it would excuse the belated response to their Motion to Dismiss. (*See* Doc. Nos. 113, 119.)

finds that the belated filing was the result of excusable neglect, Fed. R. Civ. P. 6(b), and therefore exercises its discretion to accept the Response.

## II. Subject Matter Jurisdiction

Establishing the existence of subject matter jurisdiction is of paramount importance in federal court. This requirement exists because "[f]ederal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (citing Wright, Miller & Cooper, 13 *Federal Practice and Procedure* § 3522 (1984)). "If jurisdiction is based on either [diversity or federal question grounds], the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends." *Id.*; Fed. R. Civ. P. 8(a)(1) (requiring complaints to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support . . . ."). Thus, subject matter jurisdiction is not a mere technical requirement; it literally circumscribes the extent of a federal court's power to adjudicate an action.

Plaintiffs first plead the existence of federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 76 ¶ 1.) However, their tort claims arise exclusively under state law, and thus no federal question appears on the face of the Amended Complaint. *E.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).

In addition, Plaintiffs attempt to invoke diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Beavers v. A.O.*

*Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). "Diversity jurisdiction requires complete diversity-- every plaintiff must be diverse from every defendant." *Id.* (internal quotation marks omitted) (quoting *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994)). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Id.* (quoting *Taylor*, 30 F.3d at 1367). For a corporate defendant, "the complaint must allege either the corporation's state of incorporation or principal place of business." *Taylor*, 30 F.3d at 1367 (citing 28 U.S.C. § 1332).

Plaintiffs fail to meet these requirements in at least three respects. First, they have not remedied the jurisdictional defect with respect to Defendant Bill Carlson. Plaintiffs allege that Carlson is a "resident" of Canada, but they are required to allege that he is a "citizen" of Canada or any jurisdiction other than Florida in order to establish diversity jurisdiction.[3] *Taylor*, 30 F.3d at 1367. Second, Plaintiffs give no allegation of citizenship whatsoever for Defendants Larry Lewis and Colleen Lewis. *Id.* Third, Plaintiffs allege that the "Carlson Group of Companies" is a "fictitious entity" that is held out as a company operating in "the State of Florida" and is the parent entity of "Island Seas Report." As an initial matter, it is not entirely clear what this allegation means. On one hand, Plaintiffs appear to allege that the "Carlson Group of Companies" is a fictitious name for some other entity. On the other hand, Plaintiffs name the "Carlson Group of Companies" as a separate Defendant in this case, and they also allege that it is the parent "entity"

---

[3] Plaintiffs allege their own citizenship, demonstrating that they are aware of this requirement. (Doc. No. 76 ¶¶ 7-9.)

of "Island Seas Resorts," which is the alleged trade name of Defendant "Island Seas Investments Limited." (Doc. No. 76 ¶¶ 17-18.)

Despite this unnecessary confusion, however, the bottom line is clear: because the "Carlson Group of Companies" is a named corporate Defendant, it must have an alleged place of incorporation or principal place of business. *Taylor*, 30 F.3d at 1367. Neither is explicitly alleged, as required, and the only facts Plaintiffs allege with respect to this Defendant suggest that its principal place of business is actually in Florida. Accordingly, Plaintiffs have again failed to meet their burden to establish complete diversity. *E.g.*, *Beavers*, 265 F. App'x at 777; *Williams*, 269 F.3d at 1319; *Taylor*, 30 F.3d at 1367.

The Eleventh Circuit has explained that once a court determines that it lacks subject matter jurisdiction over the plaintiff's claims, "the court's sole remaining act [is] to dismiss the case for lack of jurisdiction." *Beavers*, 265 F. App'x at 778 (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (2000)) (alteration reflects wording of *Morrison* court). This duty necessarily follows from the Court's lack of power to adjudicate the case. In this case, Plaintiffs have had two opportunities to demonstrate subject matter jurisdiction over their claims. In both instances, their failures to establish jurisdiction have gone beyond mere pleading errors and have affirmatively indicated that certain Defendants are non-diverse parties. Accordingly, because Plaintiffs have not met their burden to demonstrate the existence of subject matter jurisdiction over their claims, the Court must dismiss this case without prejudice.[4] *Id.* (concluding that the court lacked subject matter

---

[4] The Court previously warned Plaintiffs, who are represented by counsel, that this case would be dismissed if they failed to establish subject matter jurisdiction over their claims in future pleadings. (Doc. No. 75 at 4.) Thus, even if Plaintiffs' failures were simply curable examples of sloppy pleading, leave to amend their Complaint is no longer an appropriate remedy. *Taylor*, 30
(continued...)

jurisdiction, and therefore dismissal of the case was proper, where the plaintiffs failed to allege the citizenship of some named plaintiffs and indicated that the aggregate sum of their claims was worth more than $75,000, rather than $75,000 for each claim, as was required by the case law); *Selensky v. Mobile Infirmary*, 221 F. App'x 814, 815 (11th Cir. 2007) (affirming the dismissal of a case for lack of subject matter jurisdiction where the plaintiff pled facts that did not establish diversity of citizenship); *Taylor*, 30 F.3d at 1367 (same); *Dexter v. Alabama*, Civil Action No. 08-0427-WS-M, 2008 WL 2941156, at *2-4 (S.D. Ala. July 24, 2008) (dismissing a case for lack of subject matter jurisdiction where the plaintiff pled facts that did not establish diversity of citizenship).

Based on the foregoing, the Second Motion to Accept Response as Timely Filed Or in the Alternative to Enlarge the Time for Filing (Doc. No. 113, filed Apr. 24, 2009) is **GRANTED**. The Motion of Defendant Wyndham World Wide Corporation to Dismiss the Amended Complaint (Doc. No. 87, filed Feb. 17, 2009) is **GRANTED**. This case is **DISMISSED without prejudice** for failure to show subject matter jurisdiction in this Court. The Clerk shall close the case file and terminate all pending motions. Plaintiffs may file a new action in federal court which demonstrates a basis for subject matter jurisdiction, or they may assert their claims in another court whose subject matter jurisdiction is not constrained by the requirement of diversity of citizenship of the named parties.

**DONE** and **ORDERED** in Orlando, Florida on May 16, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[4](...continued)
F.3d at 1367 (dismissal of a case without prejudice for lack of subject matter jurisdiction is proper where a party is given leave to cure jurisdictional defects in the complaint but fails to do so).

Copies furnished to:

Counsel of Record